76636-7

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.
Judge:

HELENE BEHAR,

    Plaintiff,

v.

SKECHERS U.S.A., INC.,

    Defendant.
_____/

**NOTICE OF REMOVAL OF A CIVIL ACTION**

Defendant, Skechers U.S.A., Inc. ("Skechers"), by and through their attorneys, Wicker, Smith, O'Hara, McCoy & Ford, P.A., pursuant to 28 U.S.C. §§1332(a), 1441(a) and 1446, give notice of their removal of this action from the Circuit Court for the 17th Judicial Circuit, Broward County, Florida, to the United States District Court for the Southern District of Florida.  As grounds for removal, Defendants state as follows:

**I.    BACKGROUND**

1.    Plaintiff, Helene Behar ("Behar"), filed the present personal injury action in the 17th Judicial Circuit, Broward County, Florida, Case No. 14-008882 (08) against Skechers. Copies of all process, pleadings and orders served upon Skechers are attached as Ex. A.[1]

2.    This diversity action involves a purportedly defective product, the Skechers "Bikers Vexed, slip-on Sketches" sneaker.  (Ex. B, Compl.)

---

[1]    All state court pleadings have been filed as requested by the local rules of Southern District of Florida.

CASE NO. _____

3. When the action was commenced, complete diversity existed by and between the parties. Plaintiff is a citizen and resident of Florida. Skechers is a Delaware corporation with its principal place of business in California. But, the case was not immediately removable as the amount in controversy had not been quantified; that has now changed.

4. Accordingly, due to claims asserted, the complete diversity of the parties, Defendants seek to remove this action to the United States District Court for the Southern District of Florida.

## II.  REMOVAL IS PROPER PURSUANT TO 28 U.S.C. §§1332(a) and 1441

5. This Court has original jurisdiction over this action, and the action may be removed to this Court pursuant to 28 U.S.C. §§1332(a) and 1441(a), because: (i) this Notice has been timely filed; (ii) there is complete diversity between the parties; and (iii) Behar's claim exceeds the sum of $75,000.00.

### A.  Notice of Removal is Timely and Procedurally Proper

6. Behar's Complaint merely alleged an action for damages exceeding $15,000.00. Sketcher's subsequently propounded Interrogatories and Requests for Admissions upon Behar. (Ex. C, Interrogatories and Ex. D, Requests for Admissions). Behar served her Answers to Interrogatories and Responses to Requests for Admissions on June 20, 2014. (Ex. E, Answers to Interrogatories, and Ex. F, Responses to Requests for Admissions).

7. Behar's Answers to Interrogatories and Responses to Requests for Admissions acknowledge and admit that Behar is seeking to recover an amount in excess of $75,000.00 from Skechers. Behar's Answers to Interrogatories and Responses to Requests for Admissions

CASE NO. _____

represent the first pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

8. This Notice has been filed within thirty (30) days after Skecher's receipt of the Plaintiff's discovery responses which indicated that the amount in controversy requirement had been satisfied. See 28 U.S.C. §1446(b)(3). Behar's Answers to Interrogatories and Responses to Requests for Admissions were served upon Sketcher on June 20, 2014. This Notice has been filed prior to July 20, 2014.

### B.     There is Complete Diversity Between the Parties

9. Section 1332(a) provides that the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. §1332(a).

10. For diversity purposes, corporations are considered to be citizens of the states in which it has been incorporated and the state where it has its principal place of business. 28 U.S.C. §1332(c)(1).

11. As acknowledged by Plaintiff, Skechers is not a Florida citizen. In fact, Sketchers is identified in the Complaint as "a corporation incorporated under the laws of the State of California, with it's principal place of business in Manhattan Beach, California."[2] (Ex. B, Compl., ¶3).

12. Pursuant to statute, Skechers is a citizen of Delaware and California; it is a Delaware corporation with its principal place of business in California. See 28 U.S.C. §1332(c)(1); (Ex. G, Florida Secretary of State Documents).

---

[2] Plaintiff's allegation is incorrect in that Skechers is incorporated in Delaware.

CASE NO. _____

13. Behar is a citizen of the state of Florida. Plaintiff has alleged the she is a resident of Broward County, Florida. (Ex. B, Compl., ¶2.) It is well established that residence is *prima facie* evidence of a party's domicile and, by extension, citizenship. *Katz v. J.C. Penney Corp., Inc.*, 09-CV-60067, 2009 WL 1532129 (S.D. Fla. June 1, 2009); citing *Stine v. Moore,* 213 F.2d 446, 448 (5th Cir.1954); *Deckers v. Kenneth W. Rose, Inc.,* 592 F.Supp. 25, 28 (M.D.Fla.1984).

14. Therefore, complete diversity exists.

**C.     The Amount in Controversy Exceeds $75,000.00**

15. In order to be removable based upon diversity, the amount in controversy must exceed $75,000.00, exclusive of interest, and costs. 28 U.S.C. §1332(a).

16. In the Complaint, Behar alleges only an action for damages exceeding $15,000.00. (Ex. B, Compl., ¶1.) This, however, does not impact removal. There is a preponderance of evidence, based upon Behar's representations, that the amount in controversy exceeds $75,000.00. See *Tapscott v. M.S. Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996) (where a plaintiff makes an unspecified demand for damages in state court, a removing defendant must only prove by a preponderance of evidence that the amount in controversy more likely than not exceeds the jurisdictional amount), overruled on other grounds by *Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000).

17. In this case, Behar's Answers to Interrogatories and Responses to Requests for Admissions allege and admit that Behar is seeking to recover an amount in excess of $75,000.00 from Skechers.

CASE NO. _____

### III. CONCLUSION

18. Skechers has satisfied the requirements of removal jurisdiction under 28 U.S.C. §1332(a) and this action is removable to this Court pursuant to 28 U.S.C. §§1441(a) and 1446.

I HEREBY CERTIFY that on July 14, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

        WICKER, SMITH, O'HARA, MCCOY & FORD, P.A.
        Attorney for Skechers, U.S.A., Inc.
        515 E. Las Olas Boulevard
        SunTrust Center, Suite 1400
        P.O. Box 14460
        Ft. Lauderdale, FL 33302
        Phone: (954) 847-4800
        Fax: (954) 760-9353

        By: \_\_\_\_/s/ Patrick K. Dahl\_\_\_\_\_
            Dennis M. O'Hara
            Florida Bar No. 148434
            Patrick K. Dahl
            Florida Bar No. 084109

### Service List

Charles R. Mindlin, Esquire
Law Offices of Robert J. Fenstersheib, P.A.
520 W. Hallandale Beach Blvd.
Hallandale, FL  33309
Telephone:	(954) 456-2488
Facsimile:	(954) 252-2139
cmindlin@fenstersheib.com
jw@fenstersheib.com