Filing # 13437478 Electronically Filed 05/08/2014 02:07:25 PM

**FORM 1.997. CIVIL COVER SHEET**

The civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form shall be filed by the plaintiff or petitioner for the use of the Clerk of the Court for the purpose of reporting judicial workload data pursuant to Florida Statues section 25.075.

**I.     CASE STYLE**

IN THE CIRCUIT COURT OF THE  SEVENTEENTH   JUDICIAL CIRCUIT,
IN AND FOR  BROWARD   COUNTY, FLORIDA

Case No.:_____
Judge: _____

Helene Behar
Plaintiff
        vs.
Skechers U.S.A. Inc.
Defendant

**II.     TYPE OF CASE**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence – other
   ☐ Business governance
   ☐ Business torts
   ☐ Environmental/Toxic tort
   ☐ Third party indemnification
   ☐ Construction defect
   ☐ Mass tort
   ☐ Negligent security
   ☐ Nursing home negligence
   ☐ Premises liability – commercial
   ☐ Premises liability – residential
☒ Products liability
☐ Real Property/Mortgage foreclosure
   ☐ Commercial foreclosure $0 - $50,000
   ☐ Commercial foreclosure $50,001 - $249,999
   ☐ Commercial foreclosure $250,000 or more
   ☐ Homestead residential foreclosure $0 – 50,000
   ☐ Homestead residential foreclosure $50,001 - $249,999
   ☐ Homestead residential foreclosure $250,000 or more
   ☐ Non-homestead residential foreclosure $0 - $50,000
   ☐ Non-homestead residential foreclosure $50,001 - $249,999
   ☐ Non-homestead residential foreclosure $250,00 or more
   ☐ Other real property actions $0 - $50,000

☐ Other real property actions $50,001 - $249,999
☐ Other real property actions $250,000 or more

☐ Professional malpractice
   ☐ Malpractice – business
   ☐ Malpractice – medical
   ☐ Malpractice – other professional
☐ Other
   ☐ Antitrust/Trade Regulation
   ☐ Business Transaction
   ☐ Circuit Civil - Not Applicable
   ☐ Constitutional challenge-statute or ordinance
   ☐ Constitutional challenge-proposed amendment
   ☐ Corporate Trusts
   ☐ Discrimination-employment or other
   ☐ Insurance claims
   ☐ Intellectual property
   ☐ Libel/Slander
   ☐ Shareholder derivative action
   ☐ Securities litigation
   ☐ Trade secrets
   ☐ Trust litigation



*** FILED: BROWARD COUNTY, FL HOWARD FORMAN. CLERK 5/8/2014 2:07:22 PM.****

III.   **REMEDIES SOUGHT** (check all that apply):
   ☒   Monetary;
   ☐   Non-monetary
   ☐   Non-monetary declaratory or injunctive relief;
   ☐   Punitive

IV.   **NUMBER OF CAUSES OF ACTION:** (     )
   (Specify)

   <u>3</u>

V.   **IS THIS CASE A CLASS ACTION LAWSUIT?**
   ☐   Yes
   ☒   No

VI.   **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
   ☒   No
   ☐   Yes – If "yes" list all related cases by name, case number and court:

VII.   **IS JURY TRIAL DEMANDED IN COMPLAINT?**
   ☒   Yes
   ☐   No

---

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief.

Signature <u>s/ Charles R Mindlin</u>                              FL Bar No.: <u>182765</u>
   Attorney or party                                                              (Bar number, if attorney)

<u>Charles R Mindlin</u>                                             <u>05/08/2014</u>
   (Type or print name)                                                           Date

IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

HELENE BEHAR,                                    CASE NO:

    Plaintiff,

v.

SKECHERS U.S.A., INC.,

    Defendant.

_____/

# SUMMONS

THE STATE OF FLORIDA:

To All and Singular the Sheriffs of Said State:

    YOU ARE HEREBY COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant:

**SKECHERS U.S.A., INC.**
**Registered Agent: Corporation Service Company**
**1201 Hays Street**
**Tallahassee, FL 32301**

    Each defendant is required to serve written defenses to the Complaint or Petition on Robert J. Fenstersheib, Esquire of the Law Offices of ROBERT J. FENSTERSHEIB, P.A., at 520 West Hallandale Beach Blvd., Hallandale, Florida, within twenty (20) days after service of this summons on that defendant, exclusive of the day of service, an to file the original of the Defenses with the clerk of this court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a Default will be entered against that Defendant for the relief demanded in the complaint or petition.

    WITNESS my hand and the Seal of this Court.

MAY 08 2014

As clerk of S

BY:_____

HOWARD C. FORMAN

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede
usted consultar a un abogado immediatamente. Si no conoce a un abogado puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su ceuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

## IMPORTANT

Des poursuites judicares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une response ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pur vous proteger. Vour etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous ne deposez pas votre reponse ecrite dans le relair requis, vous risquez de perde la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en memetemps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

HELENE BEHAR,                                           CASE NO:

    Plaintiff,

v.

SKECHERS U.S.A., INC.,

    Defendant.

_____/

## **COMPLAINT**

**COME NOW,** the Plaintiff, HELENE BEHAR, by and through the undersigned counsel,

sues Defendant, SKECHERS U.S.A., INC., and in support thereof, would allege as follows:

### **FACTS COMMON TO ALL COUNTS**

1.    This is an action for damages exceeding FIFTEEN THOUSAND DOLLARS

($15,000.00) .

2.    At all times material hereto, upon information and belief, Plaintiff, HELENE

BEHAR, was and still is a resident of Broward County, Florida.

3.    At all times material hereto, upon information and belief, Defendant, SKECHERS

U.S.A., INC., was and still is a corporation incorporated under the laws of State of California, with

it's principal place of business in Manhattan Beach, California. SKECHERS U.S.A., INC., was and

still is authorized to conduct business in the State of Florida, by and through business agents who

reside in the State of Florida.

4.    CT Corporation System, 1201 Hays Street, Tallahassee, FL 32301, is the

registered agent of SKECHERS U.S.A., INC., and is authorized to accept service of process pursuant

to Florida Statute §48.091.

5.      Prior to March 19, 2012, Defendant, SKECHERS U.S.A., INC., designed, manufactured, assembled, sold, and distributed, a 'Bikers Vexed, slip-on Skechers' sneaker.

## COUNT I- NEGLIGENCE AGAINST SKECHERS U.S.A., INC.

That Plaintiff, HELENE BEHAR, re-affirms and re-allege each of the allegations contained in paragraphs 1-5, as though fully set forth herein, and further alleges as follows:

7.      At the time Defendant, SKECHERS U.S.A., INC., designed, manufactured, sold, and/or distributed the 'Bikers Vexed, slip-on Skechers' sneaker, the Defendant owed Plaintiff a legal duty to exercise reasonable care in making the product safe, free from defects, and/or to warn the Plaintiff of the existence of any defects.

8.      That, in fact, Defendant, SKECHERS U.S.A., INC., breached its aforesaid duty to these Plaintiff in that Defendant negligently designed, manufactured, assembled, tested and sold the subject 'Bikers Vexed, slip-on Skechers' sneaker in some and/or all of, but not limited to, the following respects:

A. Negligently failing to design the 'Bikers Vexed, slip-on Skechers' sneaker in conformity with the prevailing industry standards and specifications.

B. Negligently failing to use safe and proper component and material parts.

C. Negligently failing to manufacture, assemble, test, and inspect the subject 'Bikers Vexed, slip-on Skechers' sneaker in conformity with U.S. industry standards and specifications.

D. Negligently designed and manufactured the afore said sneakers for the purpose that was stated on the box in that the upper portion of the shoes were not glued to the lower portion properly and the out and mid sole were poorly suited for this type of shoe.

**WHEREFORE**, the Plaintiff, HELENE BEHAR, demand judgment for damages against the Defendant, SKECHERS U.S.A., INC., together with costs and interest, and demands a trial by jury of all issue so triable as a matter of right.

## COUNT II- STRICT LIABILITY IN TORT

That Plaintiff, HELENE BEHAR, re-allege each of the allegations contained in paragraphs 1-8, as though they were fully and completely set forth herein, and further alleges as follows:

9.      Defendant, SKECHERS U.S.A., INC., designed, manufactured, assembled, sold and/or distributed the subject 'Bikers Vexed, slip-on Skechers' sneaker, and placed it into the stream of commerce so that it were sold to Plaintiffs.

10.     The subject vehicle was defective and dangerous because it was not equipped with the appropriate warnings and safety devices, and reached the Plaintiff in an unreasonably dangerous condition without any substantial change in the condition from the time it left the manufacturer.

11.     Defendant, SKECHERS U.S.A., INC., owed the Plaintiff, a foreseeable user of the subject product, a legal duty to design, manufacturer, assemble, sell, and/or distribute a product that was free from defects and fit for its intended or foreseeable use, including driving on paved highways.

12.     Defendant, SKECHERS U.S.A., INC., breached this legal duty to the Plaintiff by failing to design, manufacture, assemble, sell, and/or distribute the 'Bikers Vexed, slip-on Skechers' , free from defects and otherwise fit for it's intended or foreseeable use.

13.     As a direct and proximate result of these defects, or as a substantial contributing result,

Plaintiff suffered injuries and damages, consisting of: injuries to her body and extremities and/or aggravation of a pre-existing condition; pain and suffering, physical handicap; significant disfigurement; mental anguish; lost income in the past and in the future, the loss for the capacity for the enjoyment of life; and medical expenses for her care and treatment. These injuries are permanent and Plaintiff will continue to suffer these losses and impairments in the future.

**WHEREFORE**, the Plaintiff, HELENE BEHAR, prays for judgement against Defendant, SKECHERS U.S.A., INC., in an amount in excess of Fifteen Thousand ($15,000) dollars, plus costs, and the Plaintiff further demands trial by jury of all issues in this cause so triable as a matter of right.

## COUNT III- STRICT LIABILITY FOR FAILURE TO WARN AGAINST SKECHERS U.S.A., INC.

The Plaintiff, HELENE BEHAR, re-affirms and re-alleges each of the allegations contained in paragraphs 1-6, as though fully set forth herein, and further alleges:

14.     Before July 23, 2009, Defendant, SKECHERS U.S.A., INC., had actual knowledge of the defects present in the subject 'Bikers Vexed, slip-on Skechers'. Alternatively, the defects were present at the time of the 'Bikers Vexed, slip-on Skechers' manufacture and/or for a sufficient length of time therefrom, so as to provide Defendant, SKECHERS U.S.A., INC., with constructive knowledge of the defects.

15.     Despite this actual or constructive knowledge, Defendant, SKECHERS U.S.A., INC., failed to warn Plaintiff of the defects.

16.     As a direct and proximate result, or as a substantial contributing result, Plaintiff suffered injuries and damages, consisting of: injuries to her body and extremities and/or aggravation of a pre-existing condition; pain and suffering, physical handicap; significant disfigurement; mental

anguish; lost income in the past and in the future, the loss for the capacity for the enjoyment of life; and medical expenses for her care and treatment.  These injuries are permanent and Plaintiff will continue to suffer these losses and impairments in the future.

      **WHEREFORE**, the Plaintiff, HELENE BEHAR, demands judgment for damages against Defendant, SKECHERS U.S.A., INC., together with costs and interest, and demands a trial by jury of all issues so triable as a matter of right.

Law Offices of
**ROBERT J. FENSTERSHEIB & ASSOCIATES, P.A.**
520 West Hallandale Beach Blvd.
Hallandale, Florida 33009
Telephone:  (954) 456-2488
Facsimile:  (954) 252-2139

Charles R. Mindlin, Esquire
Florida Bar Number: 182765
Cmindlin@fenstersheib.com
Jw@fenstersheib.com

Case Number: CACE-14-008882 Division: 08
Filing # 13437478 Electronically Filed 05/08/2014 02:07:25 PM

## FORM 1.997. CIVIL COVER SHEET

The civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form shall be filed by the plaintiff or petitioner for the use of the Clerk of the Court for the purpose of reporting judicial workload data pursuant to Florida Statues section 25.075.

---

I.  **CASE STYLE**

IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

Plaintiff        HELENE BEHAR,                    Case#: _____
                                                 Judge: _____
          vs.

Defendants       SKECHERS U.S.A., INC.,

---

II.  **TYPE OF CASE**
(If the case fits more than one type of case, select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an "x" in both the main category and subcategory boxes.

- ☐ Condominium
- ☐ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
  - Negligence – other
    - ☐ Business governance
    - ☐ Business torts
    - ☐ Environmental/Toxic tort
    - ☐ Third party indemnification
    - ☐ Construction defect
    - ☐ Mass tort
    - ☐ Negligent security
    - ☐ Nursing home negligence
    - ☐ Premises liability – commercial
    - ☐ Premises liability – residential
- x  Products liability
- ☐ Real Property/Mortgage foreclosure
  - ☐ Commercial foreclosure $0 - $50,000
  - ☐ Commercial foreclosure $50,001 - $249,999
  - ☐ Commercial foreclosure $250,000 or more
  - ☐ Homestead residential foreclosure $0 – $50,000
  - ☐ Homestead residential foreclosure $50,001 - $249,999
  - ☐ Homestead residential foreclosure $250,000 or more
  - ☐ Non-homestead residential foreclosure $0 - $50,000
  - ☐ Non-homestead residential foreclosure $50,001 - $249,999
  - ☐ Non-homestead residential foreclosure $250,000 or more
  - ☐ Other real property actions $0 - $50,000
  - ☐ Other real property actions $50,001 - $249,999

- ☐ Other real property actions $250,000 or more

- ☐ Professional malpractice
  - ☐ Malpractice – business
  - ☐ Malpractice – medical
  - ☐ Malpractice – other professional

- ☐ Other
  - ☐ Antitrust/Trade Regulation
  - ☐ Business Transaction
  - ☐ Constitutional challenge-statute or ordinance
  - ☐ Constitutional challenge-proposed amendment
  - ☐ Corporate Trusts
  - ☐ Discrimination-employment or other
  - ☐ Insurance claims
  - ☐ Intellectual property
  - ☐ Libel/Slander
  - ☐ Shareholder derivative action
  - ☐ Securities litigation
  - ☐ Trade secrets
  - ☐ Trust litigation
  - ☐ Other Civil Complaint
  - ☐ Bond Estreature
  - ☐ Replevin
  - ☐ Witness Protection
  - ☐ Declaratory Judgment
  - ☐ Injunctive Relief

☐   Equitable Relief                                      ☐   Civil Forfeiture
☐   Construction Lien                                    ☐   Voluntary Binding Arbitration
☐   Petition for Adversary Preliminary Hearing           ☐   Personal Injury Protection (PIP)

**III.   REMEDIES SOUGHT (check all that apply):**
    x     Monetary:
    ☐    Non-monetary declaratory or injunctive relief:
    ☐    Punitive

**IV.   NUMBER OF CAUSES OF ACTION: ( 1 )**
    1.   Negligence against Isle of Paradise "E", Inc.

**V.   IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐    Yes
    x    No

**VI.   HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    x    No
    ☐    Yes – If "yes" list all related cases by name, case number and court:

    _____
    _____
    _____

**VII.   IS JURY TRIAL DEMANDED IN COMPLAINT?**
    x    Yes
    ☐    No

---

**I CERTIFY** that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief.

Signature:   /s/ Charles Mindlin, Esq.             Fla. Bar #  182765
               Attorney or Party                    (if attorney)

       Charles Mindlin                  Date: May 8, 2014
               Type or print name

Filing # 14796406 Electronically Filed 06/13/2014 02:17:41 PM

## RETURN OF SERVICE

| | | |
|---|---|---|
| **State of Florida** | **County of Broward** | **Circuit Court** |

Case Number: CACE-14-008882 (08)

Plaintiff:
**Helen Behar**
vs.
Defendant:
**Skechers U.S.A., Inc.**

For:
Robert J. Fenstersheib
Law Offices of Robert J. Fenstersheib, P.A.
520 West Hallandale Beach Boulevard
Hallandale, FL

Received by Pineiro Process Servers & Court Couriers on the 29th day of May, 2014 at 2:43 pm to be served on **Skechers U.S.A., Inc. Registered Agent: Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301.**

I, MICHAEL C. NOLAN, do hereby affirm that on the **30th day of May, 2014 at 9:20 am, I:**

**CORPORATE:** served by delivering a true copy of the **Summons, Complaint, Interrogatories to Defendant, Skechers U.S.A., Inc.** with the date and hour of service endorsed thereon by me, to: **Carla Lohi** as **Authorized Representative of Registered Agent** for Corporation Service Corporation, Registered Agent for Skechers U.S.A., Inc. Registered Agent: Corporation Service Company at the address of 1201 Hays Street, Tallahassee, Florida 32301, and informed said person of the contents therein, in compliance with state statutes.

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served. Under penalty of perjury I declare that the facts contained herein are true to the best of my knowledge. NO NOTARY REQUIRED PURSUANT TO F.S. 92.525(2).

**MICHAEL C. NOLAN**
Certified Process Server, #111

**Pineiro Process Servers & Court Couriers**
**7036 SW 23rd Street**
**Davie, FL 33317**
**(954) 560-1052**

Our Job Serial Number: MCN-2014003916

Copyright © 1992-2011 Database Services, Inc - Process Server's Toolbox V6.5n

3505752
76636-7

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

HELENE BEHAR,                                    CIRCUIT CIVIL DIVISION

    Plaintiff,                                   CASE NO. CACE-14-008882

v.

SKECHERS U.S.A., INC.,

    Defendant.
_____/

### ANSWER, AFFIRMATIVE DEFENSES AND JURY DEMAND

    Defendant, Skechers U.S.A., Inc., ("Skechers"), by and through its attorneys,
Wicker Smith O'Hara McCoy and Ford, P.A., states by way of Answer to the Complaint
filed by the Plaintiff, Helen Behar ("Behar"), as follows:

        1.    This is an action for damages exceeding
FIFTEEN THOUSAND DOLLARS ($15,000.00).

**ANSWER:** Skechers states only that Plaintiff has made a required jurisdictional
allegation.  Further responding, Skechers denies that Plaintiff is entitled to any recovery
from it whatsoever and, therefore, denies the remaining allegations, characterizations and
legal conclusions contained at Paragraph 1.

        2.    At all times material hereto, upon information
and belief, Plaintiff, HELENE BEHAR, was and still is a
resident of Broward County, Florida.

**ANSWER:** Skechers lacks information sufficient to form a knowledge or belief as to the
truth or falsity of the allegations contained at Paragraph 2 and, therefore, neither admits
or denies same.

CASE NO. CACE-14-008882

3.    At all times material hereto, upon information and belief, Defendant, SKECHERS U.S.A., INC., was and still is a corporation incorporated under the laws of State of California, with it's principal place of business in Manhattan Beach, California. SKECHERS U.S.A., INC., was and still is authorized to conduct business in the State of Florida, by and through business agents who reside in the State of Florida.

**ANSWER:** Skechers admits that it is a California Corporation with is principal place of business in Manhattan Beach, California.   Skechers denies the remaining allegations, characterizations and legal conclusions contained at Paragraph 3 as phrased.

4.    CT Corporation System, 1201 Hays Street, Tallahassee, FL 32301, is the registered agent of SKECHERS U.S.A., INC., and is authorized to accept service of process pursuant to Florida Statute §48.091.

**ANSWER:** Skechers admits that CT Corporation System is authorized to accept service on his behalf.

5.    Prior to March 19, 2012, Defendant, SKECHERS U.S.A., INC., designed, manufactured, assembled, sold, and distributed, a 'Bikers Vexed, slip-on Skechers' sneaker.

**ANSWER:** Skechers admits assembling and selling the "bikers back slip on Skechers' sneaker."   Skechers denies the remaining allegations, characterizations and legal conclusions contained at Paragraph 5.

2

CASE NO. CACE-14-008882

## COUNT I- NEGLIGENCE AGAINST SKECHERS U.S.A., INC.

The Plaintiff, HELENE BEHAR, re-affirms and re-allege each of the allegations contained in paragraphs 1-5, as though fully set forth herein, and further alleges as follows:

Skechers adopts and incorporates by reference its answers to Paragraphs 1 through 5 above as and for its answer to this unnumbered Paragraph of Count I as though fully set forth herein.

7.     At the time Defendant, SKECHERS U.S.A., INC., designed, manufactured, sold, and/or distributed the 'Bikers Vexed, slip-on Skechers' sneaker, the Defendant owed Plaintiff a legal duty to exercise reasonable care in making the product safe, free from defects, and/or to warn the Plaintiff of the existence of any defects.

**ANSWER:**  Skechers admits all duties imposed by law and, further answering, Skechers denies breaching any duties due and owing to the Plaintiff and, therefore, denies the remaining allegations, characterizations and legal conclusions contained at Paragraph 7.

8.     That, in fact, Defendant, SKECHERS U.S.A., INC., breached its aforesaid duty to these Plaintiff in that Defendant negligently designed, manufactured, assembled, tested and sold the subject 'Bikers Vexed, slip-on Skechers' sneaker in some and/or all of, but not limited to, the following respects:

A. Negligently failing to design the 'Bikers Vexed, slip-on Skechers' sneaker in conformity with the prevailing industry standards and specifications.

B. Negligently failing to use safe and proper component and material parts.

3

CASE NO. CACE-14-008882

C. Negligently failing to manufacture, assemble, test, and inspect the subject 'Bikers Vexed, slip-on Skechers' sneaker in conformity with U.S. industry standards and specifications.

D. Negligently designed and manufactured the afore said sneakers for the purpose that was stated on the box in that the upper portion of the shoes were not glued to the lower portion properly and the out and mid sole were poorly suited for this type of shoe.

**ANSWER:**   Skechers denies the allegations, characterizations and legal conclusions contained at Paragraph 8 including subparagraphs A through D.

WHEREFORE, Defendant, Skechers U.S.A. denies that plaintiff is entitled to recovery from it in any amount whatsoever and prays this court enters judgment in its favor and against the Plaintiff, Helene Behar and/or for whatever other relief this Court deems just and proper.

## COUNT II- STRICT LIABILITY IN TORT

That Plaintiff, HELENE BEHAR, re-allege each of the allegations contained in paragraphs 1-8, as though they were fully and completely set forth herein, and further alleges as follows:

Skechers adopts incorporates by reference its answers to Paragraph 1 through 8, above, as and for its answer to this unnumbered Paragraph of Count II as though fully set forth herein.

9.   Defendant, SKECHERS U.S.A., INC., designed, manufactured, assembled, sold and/or distributed the subject 'Bikers Vexed, slip-on Skechers' sneaker, and

4

CASE NO. CACE-14-008882

placed it into the stream of commerce so that it were sold to
Plaintiffs.

**ANSWER:** Skechers lacks information sufficient to form a knowledge or belief as to the truth or falsity of the allegations contained at Paragraph 9 and, therefore, neither admits nor denies same. In particular, the allegations refer to certain products being sold to "plaintiffs." Based upon the allegations contained in the Complaint, there is only a single plaintiff. As a result, it is unclear what is specifically being requested in this matter.

> 10. The subject vehicle was defective and dangerous because it was not equipped with the appropriate warnings and safety devices, and reached the Plaintiff in an unreasonably dangerous condition without any substantial change in the condition from the time it left the manufacturer.

10. Skechers denies the allegations, characterizations and legal conclusions contained at Paragraph 10. Further responding, there are no allegations that a "vehicle" was involved.

> 11. Defendant, SKECHERS U.S.A., INC., owed the Plaintiff, a foreseeable user of the subject product, a legal duty to design, manufacturer, assemble, sell, and/or distribute a product that was free from defects and fit for its intended or foreseeable use, including driving on paved highways.

11. Skechers denies the allegations, characterizations and legal conclusions contained at Paragraph 11. Further responding, Skechers denies that the allegations are even applicable. Paragraph 11 makes specific reference to "driving on paved highways."

CASE NO. CACE-14-008882

Accordingly, it is believed that this allegation relates to a vehicle, a product that is not involved in this action.

> 12. Defendant, SKECHERS U.S.A., INC., breached this legal duty to the Plaintiff by failing to design, manufacture, assemble, sell, and/or distribute the 'Bikers Vexed, slip-on Skechers' , free from defects and otherwise fit for its intended or foreseeable use.

**ANSWER:** Skechers denies the allegations, characterizations and legal conclusions contained at Paragraph 12.

> 13. As a direct and proximate result of these defects, or as a substantial contributing result, Plaintiff suffered injuries and damages, consisting of: injuries to her body and extremities and/or aggravation of a pre-existing condition; pain and suffering, physical handicap; significant disfigurement; mental anguish; lost income in the past and in the future, the loss for the capacity for the enjoyment of life; and medical expenses for her care and treatment. These injuries are permanent and Plaintiff will continue to suffer these losses and impairments in the future.

**ANSWER:** Skechers denies the allegations, characterizations and legal conclusions contained at Paragraph 13.

WHEREFORE, Defendant, Skechers U.S.A., Inc., denies that Plaintiff is entitled to recovery from it in any amount whatsoever and prays that this court enters judgment in its favor and against the plaintiff Helene Behar and/or for whatever other relief this court deems just and proper.

CASE NO. CACE-14-008882

## COUNT III- STRICT LIABILITY FOR FAILURE TO WARN AGAINST SKECHERS U.S.A., INC.

The Plaintiff, HELENE BEHAR, re-affirms and re-alleges each of the allegations contained in paragraphs 1-6, as though fully set forth herein, and further alleges:

Skechers adopts and incorporates by reference its Answers to Paragraph 1 through 6, above, as and for its answer to this unnumbered Paragraph of Count III as though fully set forth herein.

14. Before July 23, 2009, Defendant, SKECHERS U.S.A., INC., had actual knowledge of the defects present in the subject 'Bikers Vexed, slip-on Skechers'. Alternatively, the defects were present at the time of the 'Bikers Vexed, slip-on Skechers' manufacture and/or for a sufficient length of time therefrom, so as to provide Defendant, SKECHERS U.S.A., INC., with constructive knowledge of the defects.

**ANSWER:** Skechers denies the allegations, characterizations and legal conclusions contained at Paragraph 14.

15. Despite this actual or constructive knowledge, Defendant, SKECHERS U.S.A., INC., failed to warn Plaintiff of the defects.

**ANSWER:** Skechers denies the allegations, characterizations and legal conclusions contained at Paragraph 15.

16. As a direct and proximate result, or as a substantial contributing result, Plaintiff suffered injuries and damages, consisting of: injuries to her body and extremities and/or aggravation of a pre-existing condition; pain and suffering, physical handicap; significant disfigurement; mental anguish; lost income in the past and in the future, the loss for

7

CASE NO. CACE-14-008882

the capacity for the enjoyment of life; and medical expenses
for her care and treatment. These injuries are permanent and
Plaintiff will continue to suffer these losses and impairments
in the future.

**ANSWER:** Skechers denies the allegations characterizations and legal conclusions contained at Paragraph 16.

WHEREFORE, Defendant, Skechers U.S.A., Inc. denies that Plaintiff is entitled to recover from it in any amount whatsoever and prays that this Court enter judgment in its favor and against the plaintiff Helene Behar and/or for whatever other relief this Court deems just and proper.

## AFFIRMATIVE DEFENSES

Without prejudice to its denials and without waiving Plaintiff, Helene Behar's obligation to put on evidence regarding the elements necessary to sustain any of her claims, Skechers U.S.A., Inc., ("Defendant") states by way of its affirmative defenses, as follows:

## FIRST AFFIRMATIVE DEFENSE

1.     The Complaint and each count thereof fail to state any claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

2.     The Complaint and each count thereof may be time-barred, in whole or in part, under applicable statute of limitations.

8

CASE NO. CACE-14-008882

### THIRD AFFIRMATIVE DEFENSE

3.      The Complaint and each count thereof may be barred, in whole or in part, by the doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE

4.      The Complaint and each count thereof may be barred, in whole or in part, due to a lack of any cognizable injury or damages compensable at law or in equity.

### FIFTH AFFIRMATIVE DEFENSE

5.      The Complaint and each count thereof may be barred, in whole or in part, because the alleged injuries or damages complained of by Plaintiff, if there be any, were caused by the superseding and/or intervening acts and/or omissions of Plaintiff and/or third parties for whose conduct Defendant is neither responsible nor liable.

### SIXTH AFFIRMATIVE DEFENSE

6.      The Complaint and each count thereof may be barred, in whole or in part, due to the contributory or comparative negligence of Plaintiff.

### SEVENTH AFFIRMATIVE DEFENSE

7.      The Complaint and each count thereof may be barred, in whole or in part, due to Plaintiff's assumption of the risk.

### EIGHTH AFFIRMATIVE DEFENSE

8.      The Complaint and each count thereof may be barred, in whole or in part, due to Plaintiff's failure to mitigate damages or losses.

### NINTH AFFIRMATIVE DEFENSE

CASE NO. CACE-14-008882

9.     The Complaint and each count thereof may be barred, in whole or in part, to the extent that the alleged dangers were open and obvious.

**TENTH AFFIRMATIVE DEFENSE**

10.     The Complaint and each count thereof may be barred, in whole or in part, to the extent that the subject shoes were modified, abused, misused, improperly maintained, altered, or subject to abnormal use.

**ELEVENTH AFFIRMATIVE DEFENSE**

11.     The Complaint and each count thereof may be barred, in whole or in part, because any harm allegedly suffered by Plaintiff was not reasonably foreseeable by Skechers.

**TWELFTH AFFIRMATIVE DEFENSE**

12.     To the extent that Plaintiff asserts claims based on theories of liability not provided for in the state products-liability provisions applicable to this action, those claims are barred.

**THIRTEENTH AFFIRMATIVE DEFENSE**

13.     The Complaint and each count thereof may be barred, in whole or in part, by the defenses available under Florida products-liability law.

**FOURTEENTH AFFIRMATIVE DEFENSE**

14.     The Complaint and each count thereof may be barred, in whole or in part, because any representations or statements alleged to have been made by Defendant was true and accurate at the time made and/or otherwise were made in good faith and with a

CASE NO. CACE-14-008882

reasonable belief as to their validity and accuracy and with reasonable belief that Defendant's conduct was lawful.

### FIFTEENTH AFFIRMATIVE DEFENSE

15. The Complaint and each count thereof may be barred, in whole or in part, because the product was reasonably fit, suitable, and safe for its intended use.

### SIXTEENTH AFFIRMATIVE DEFENSE

16. The Complaint and each count thereof may be barred, in whole or in part, because the subject shoes were manufactured, designed, tested, and labeled in a manner conforming to the generally recognized state of relevant scientific and technological knowledge available at the time the shoes were placed on the retail market, and their benefits exceeded any associated risks.

### SEVENTEENTH AFFIRMATIVE DEFENSE

17. The Complaint and each count thereof may be barred, in whole or in part, because the subject shoes complied with all applicable federal and state statutes and regulations.

### EIGHTEENTH AFFIRMATIVE DEFENSE

18. The Complaint and each count thereof may be barred, in whole or in part, because the subject shoes complied with all industry customs, practices, and standards.

### NINETEENTH AFFIRMATIVE DEFENSE

19. The Complaint and each count thereof may be barred, in whole or in part, because the subject shoes were not designed, manufactured, or assembled in a defective manner, nor was any warning inadequate.

11

CASE NO. CACE-14-008882

## TWENTIETH AFFIRMATIVE DEFENSE

20.     The Complaint and each count thereof may be barred, in whole or in part, because Defendant had no duty to warn of any alleged risks.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

21.     The Complaint and each count thereof may be barred, in whole or in part, because any risks allegedly associated with the shoes was not known or knowable in light of the prevailing scientific and medical knowledge at the time the shoes were placed on the retail market, and their benefits exceeded the associated risks.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

22.     The Complaint and each count thereof may be barred, in whole or in part, because Plaintiff was a sophisticated user who, due to position, training, experience, or knowledge, knew or should have known of any alleged risk, harm, or danger.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

23.     To the extent that the Complaint and any count thereof is based on truthful statements about the shoes, the Complaint and each such count may be barred, in whole or in part, by the First Amendment of the United States Constitution, the Constitution of the State of Florida, and under any state's law which may be applicable.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

24.     The Complaint and each count thereof may be barred, in whole or in part, to the extent that Defendant's fulfilled all of their obligations, if any, under an express or implied warranty, to the extent any such warranty existed, with respect to any transaction with Plaintiff.

12

CASE NO. CACE-14-008882

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

25.     The Complaint and each count thereof may be barred, in whole or in part, because any representation allegedly made by Defendant did not form part of the basis of the bargain.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

26.     The Complaint and each count thereof may be barred, in whole or in part, based on the doctrine of estoppel or waiver.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

27.     The Complaint and each count thereof may be barred, in whole or in part, based on the doctrines of consent or ratification.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

28.     The Complaint and each count thereof may be barred, in whole or in part, based on the doctrine of unclean hands.

13

CASE NO. CACE-14-008882

### TWENTY-NINTH AFFIRMATIVE DEFENSE

29.    The Complaint and each count thereof may be barred, in whole or in part, based on the doctrines of res judicata, collateral estoppel, and/or other similar doctrines.

### THIRTIETH AFFIRMATIVE DEFENSE

30.    The Complaint and each count thereof, to the extent it seeks to recover only for economic loss, is barred by the economic loss doctrine.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

31.    To the extent that Plaintiff asserts claims based on Defendant's alleged adherence or lack of adherence to and compliance with applicable federal laws, regulations, and rules, such claims are preempted by federal law and under the Supremacy Clause of the United States Constitution.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

32.    To the extent Plaintiff seeks recovery for the benefits received, or anticipated to be received, from another source for the injuries alleged in the Complaint, such benefits are not recoverable in this action.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

33.    The Complaint and each count thereof may be barred, in whole or in part, to the extent that the shoes were used in disregard of the instructions and directions regarding their use, and such misuse was not foreseeable to Defendant.

CASE NO. CACE-14-008882

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

34.     The Complaint and each count thereof may be barred, in whole or in part, because the benefits of Defendant's products and their labeling outweigh whatever harm or impact, if any, that they may have caused Plaintiff.

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

35.     The Complaint and each count thereof may be barred, in whole or in part, because there exists no reasonable alternative design which would make Skechers' products safer when used for their intended purposes.

**THIRTY-SIXTH AFFIRMATIVE DEFENSE**

36.     The Complaint and each count thereof may be barred, in whole or in part, by the doctrine of unavoidable consequences.

**THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

37.     If Plaintiff sustained the injuries or losses as alleged in the Complaint, such injuries or losses resulted from Plaintiff's pre-existing and/or unrelated medical, genetic, and/or environmental conditions, diseases or illnesses, subsequent medical conditions, or natural course of conditions for which Defendant is not responsible.

**THIRTY-EIGHTH AFFIRMATIVE DEFENSE**

38.     If any judgment is rendered in favor of Plaintiff against Defendant, said judgment should be reduced and offset by any workers' compensation benefits paid by Plaintiff's current or former employers in connection with the events alleged in the Complaint, or any other recovery, compensation or judgment received in connection with the events alleged in the Complaint.

CASE NO. CACE-14-008882

### THIRTY-NINTH AFFIRMATIVE DEFENSE

39.     To the extent that Plaintiff's claims are based on a theory providing for liability without proof of causation and direct liability by Defendant, such claims are contrary to applicable law and violate Defendant's rights under the United States Constitution, the Constitution of the State of Florida, and other applicable state's law.

### FORTIETH AFFIRMATIVE DEFENSE

40.     Defendant states that Behar was guilty of negligence and the Behar's negligence was the sole, proximate cause or contributing cause of the damages complained of and the recovery, if any, should be barred or reduced proportionately pursuant to the doctrine of comparative negligence.

### FORTY-FIRST AFFIRMATIVE DEFENSE

41.     Defendant states that it is entitled to all setoffs and limitations of liability pursuant to the doctrine of comparative fault, including but not limited to the provisions of Florida Statute Section 768.81.

### FORTY-SECOND AFFIRMATIVE DEFENSE

42.     Defendant states that the Plaintiff and/or others failed to adequately inspect the product which is the subject of the Complaint.

### FORTY-THIRD AFFIRMATIVE DEFENSE

43.     Defendant states that the Plaintiff and/or others failed to adequately maintain and repair the product which is the subject of the Complaint in a safe condition and therefore, any award to which the Plaintiff may be entitled should be either barred or reduced accordingly pursuant to the doctrine of comparative negligence.

16

CASE NO. CACE-14-008882

## FORTY-FOURTH AFFIRMATIVE DEFENSE

44.     Defendant states that at all material times, the product complied with all relevant federal or state codes, statutes, rules, regulations, and/or standards, and this Defendant is entitled to the protection afforded by Florida Statute §768.1256.

## RESERVATION OF RIGHT TO AMEND

45.     Defendant reserves the right to amend and/or supplement its Answer to assert any and all pertinent defenses ascertained through further investigation and discovery of this action.

## JURY DEMAND

46.     Defendant demands a trial by jury of all issues so triable as of right by a jury.

WE HEREBY CERTIFY that a copy hereof has been electronically served via Florida ePortal to: Charles R. Mindlin, Esquire, cmindlin@fenstersheib.com, jw@fenstersheib.com; on this ___19___ day of June, 2014.


/s/ Patrick K. Dahl
Dennis M. O'Hara, Esquire
Florida Bar No. 148434
Patrick K. Dahl, Esquire
Florida Bar No. 084109
WICKER SMITH O'HARA MCCOY & FORD, P.A.
Attorneys for Skechers U.S.A., Inc.
515 E. Las Olas Boulevard
SunTrust Center, Suite 1400
P.O. Box 14460
Ft. Lauderdale, FL 33302
Phone: (954) 847-4800
Fax: (954) 760-9353
ftlcrtpleadings@wickersmith.com

17

Filing # 15010960 Electronically Filed 06/19/2014 02:00:26 PM

76636-7

## IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA

HELENE BEHAR,                              CIRCUIT CIVIL DIVISION

     Plaintiff,                            CASE NO. CACE-14-008882

v.

SKECHERS U.S.A., INC.,

     Defendant.

_____/

### NOTICE OF SERVING INTERROGATORIES

Defendant, SKECHERS U.S.A., INC., propounds Interrogatories to Plaintiff, HELENE BEHAR, to be responded to within the time and manner prescribed by Florida Rule of Civil Procedure 1.340.

WE HEREBY CERTIFY that the signed original of this facesheet has been electronically served via Florida ePortal, and that a copy of the interrogatories along with a copy of this facesheet have been furnished to Charles R. Mindlin, Esquire,

CASE NO. CACE-14-008882

cmindlin@fenstersheib.com, jw@fenstersheib.com; by e-mail on this ___19th___ day of June, 2014.

/s/ Patrick K. Dahl
Dennis M. O'Hara, Esquire
Florida Bar No. 148434
Patrick K. Dahl, Esquire
Florida Bar No. 084109
WICKER SMITH O'HARA MCCOY & FORD, P.A.
Attorneys for Skechers U.S.A., Inc.
515 E. Las Olas Boulevard
SunTrust Center, Suite 1400
P.O. Box 14460
Ft. Lauderdale, FL 33302
Phone: (954) 847-4800
Fax: (954) 760-9353
ftlcrtpleadings@wickersmith.com

CASE NO. CACE-14-008882

## INTERROGATORIES TO PLAINTIFF, HELENE BEHAR

1.     State whether the amount that Plaintiff seeks to recover from the defendant in this action exceeds $75,000, and, if so, state the amount claimed.

_____

STATE OF FLORIDA
COUNTY OF _____

   Sworn to (or affirmed) and subscribed before me this _____ day of _____,
20____, by _____.


_____
Notary Public – State of Florida


(Print, Type, Stamp, or Commissioned
Name of Notary Public)

Personally Known _____ OR Produced Identification _____
Type of Identification Produced: _____

- 1 -

3528903
76636-7

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

HELENE BEHAR,                                     CIRCUIT CIVIL DIVISION

     Plaintiff,                                 CASE NO. CACE-14-008882

v.

SKECHERS U.S.A., INC.,

     Defendant.

_____/

## REQUEST FOR ADMISSIONS

     Pursuant to Fla. R. Civ. P., Rule 1.370, the Defendant, Skechers U.S.A., Inc.,

requests the Plaintiff, Helene Behar, to admit or deny each of the following:

     1.  Plaintiff, Helene Behar, is seeking to recover an amount in excess of $75,000

from Skechers USA, Inc. in this action.

     WE HEREBY CERTIFY that a copy hereof has been electronically served via
Florida ePortal to: Charles R. Mindlin, Esquire, cmindlin@fenstersheib.com,
jw@fenstersheib.com; on this _19_ day of ___June___, 20_14_.


                    */s/ Patrick K. Dahl*
                    Dennis M. O'Hara, Esquire
                    Florida Bar No. 148434
                    Patrick K. Dahl, Esquire
                    Florida Bar No. 084109
                    WICKER SMITH O'HARA MCCOY & FORD, P.A.
                    Attorneys for Skechers U.S.A., Inc.
                    515 E. Las Olas Boulevard
                    SunTrust Center, Suite 1400
                    P.O. Box 14460
                    Ft. Lauderdale, FL 33302
                    Phone: (954) 847-4800
                    Fax: (954) 760-9353
                    ftlcrtpleadings@wickersmith.com

Filing # 15076754 Electronically Filed 06/20/2014 04:02:55 PM

IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

HELENE BEHAR

     Plaintiff,

Case No.:  14-008882

v.

SKECHERS U.S.A., INC.,

     Defendant,

_____/

### PLAINTIFF'S REPLY TO DEFENDANT'S
### AFFIRMATIVE DEFENSES

    **COMES NOW**, the Plaintiff, HELENE BEHAR , by and through the undersigned attorneys,

and denies each and every affirmative defense of the Defendant, SKECHERS U.S.A., INC., and

seeks to avoid same and demands strict proof thereof.

### CERTIFICATE OF SERVICE

    **I HEREBY CERTIFY** that a true and correct copy of the foregoing was emailed on June

20 , 2014 to: Patrick K. Dahl, Esq., ftlcrtpleadings@wickersmith.com; Wicker Smith, 515 E. Las

Olas Blvd. Suntrust Center Suite 1400 PO Box 14460, Ft. Lauderdale, FL  33302.

              The Law Offices of
              Robert J. Fenstersheib & Associates, P.A.
              Attorneys for Plaintiff
              520 W. Hallandale Beach Blvd.
              Hallandale, Florida  33009
              Telephone:    (954) 456-2488
              Fax:          (954) 252-2139

By: _____

              Charles R. Mindlin, Esquire
              Florida Bar No. 182765
              Jason@fenstersheib.com
              Jw@fenstersheib.com

Filing # 15076754 Electronically Filed 06/20/2014 04:02:55 PM

IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL   CIRCUIT   IN   AND   FOR
BROWARD COUNTY, FLORIDA

HELENE BEHAR,

       Plaintiff,

Case No:  14-008882

vs.

SKECHERS U.S.A., INC.,

       Defendant.

_____/

## PLAINTIFF'S RESPONSE TO REQUEST FOR ADMISSIONS

COMES NOW the Plaintiff, HELENE BEHAR, by and through the undersigned attorneys,

and files this Response to Defendant, SKECHERS U.S.A., INC.'s Request for Admissions, stating

as follows:

1.     Admit.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was emailed on June
20, 2014 to:  Patrick K. Dahl, Esq., ftlcrtpleadings@wickersmith.com; Wicker Smith, 515 E.
Las Olas Blvd. Suntrust Center Suite 1400 PO Box 14460, Ft. Lauderdale, FL  33302.

                    The Law Offices of
                    Robert J. Fenstersheib & Associates, P.A.
                    520 W. Hallandale Beach Blvd.
                    Hallandale, FL 33009
                    Telephone:   (954) 456-2488
                    Facsimile:    (954) 456-2588

                    _____
                    Charles Mindlin, Esq.
                    Florida Bar Number: 182765
                    Cmindlin@fenstersheib.com
                    Jw@fenstersheib.com

Filing # 15076754 Electronically Filed 06/20/2014 04:02:55 PM

IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

HELENE BEHAR,

      Plaintiff,
                            Case No: 14-008882

vs.

SKECHERS U.S.A., INC.,

      Defendant.
_____/

### PLAINTIFF'S UNVERIFIED RESPONSE TO DEFENDANT'S INTERROGATORIES

      COMES NOW the Plaintiff, HELENE BEHAR, by and through the undersigned attorney,

and pursuant to Rule 1.340, of the Florida Rules of Civil Procedure, and hereby serves its Response

to the Defendant's Interrogatories propounded on June 19, 2014.

### CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that a true and correct copy of the foregoing was emailed on June

20 , 2014 to: Patrick K. Dahl, Esq., ftlcrtpleadings@wickersmith.com; Wicker Smith, 515 E. Las

Olas Blvd. Suntrust Center Suite 1400 PO Box 14460, Ft. Lauderdale, FL 33302.

                      The Law Offices of
                      Robert J. Fenstersheib & Associates, P.A.
                      520 W. Hallandale Beach Blvd.
                      Hallandale, FL 33009
                      Telephone:   (954) 456-2488
                      Facsimile:   (954) 456-2588

                      _____
                      Charles Mindlin, Esq.
                      Florida Bar Number: 182765
                      Cmindlin@fenstersheib.com
                      Jw@fenstersheib.com